JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Larry Gibbs ("defendant"), appeals from his convictions for burglary, aggravated burglary, and assault. For the reasons that follow, we affirm.
 {¶ 2} Defendant was arrested following a 911 call to police that reported a break in and assault at an apartment on West 87th Street in Cleveland. The victims included Mary Ann Butler, Elmisha Butler, and a six-month old infant. Mary Ann testified that her neighbor Kenya Acey began threatening to beat her. Acey was with her boyfriend Antonio Sharpe and defendant. Mary Ann attempted to prevent them from entering her apartment but Acey broke in through the back door. Elmisha was inside holding the baby when Acey began hitting Mary Ann. Elmisha tried to defend Mary Ann and a fight ensued between Elmisha and Acey. Sharpe entered the apartment through the back door and participated in the altercation. Defendant then entered the apartment and escalated the situation by encouraging the assault and making other comments. Ultimately, Acey threw the contents of a deep fryer, including hot grease, which hit Elmisha and the baby causing burns that required medical attention.
 {¶ 3} Acey and Sharpe were charged and acquitted by a jury during a previous trial. The trial court granted the State's motion to prohibit any reference to the co-defendants' trial during defendant's trial. The court instructed the jury, without objection from defendant, and included a complicity instruction. Defendant was found guilty of two counts of burglary, aggravated burglary, and assault. Defendant's appeal raises six assignments of error for our review, which will be addressed together where appropriate for discussion.
 {¶ 4} "I. Appellant's convictions for aggravated burglary, burglary and assault are not supported by sufficient evidence where the State of Ohio failed to prove that the defendant participated in any manner whatsoever in the incidents.
 {¶ 5} "II. Appellant's convictions for burglary and aggravated burglary are not supported by sufficient evidence where the State failed to present evidence that the appellant shared the same mens rea as the principal offenders."
 {¶ 6} We address these errors together because they both require an analysis of the sufficiency of the evidence.
 {¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Defendant maintains that the record lacks any evidence that he participated in the burglary and assault and that he shared the specific intent to commit a physical injury or crime. At trial, the State argued that defendant acted in complicity with Acey and Sharpe by breaking into Mary Ann's apartment to assault the occupants.
 {¶ 9} R.C. 2923.03 prohibits complicity with others to commit crimes and provides as follows:
 {¶ 10} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 11} "* * *
 {¶ 12} "(2) Aid or abet another in committing the offense:
 {¶ 13} "* * *
 {¶ 14} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were the principal offender. A charge of complicity may be stated in terms of this section, or in the terms of the principal offense."
 {¶ 15} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant aided and abetted Acey and Sharpe in the burglary and assault, and the trial court properly denied his motion for judgment of acquittal.
 {¶ 16} A person aids and abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime, and shares the criminal intent of the principal. State v. Johnson (2001),93 Ohio St.3d 240, 245-246. Such intent may be inferred from the circumstances surrounding the crime. Id.
 {¶ 17} Contrary to defendant's assertion, the record does not reflect his mere presence at the scene. Rather, the testimony of the witnesses establishes that he supported, encouraged, advised, and incited Acey and Sharpe in the commission of the crimes. His intent is fairly inferred from the circumstances in that he entered the apartment of his own volition, without permission, and proceeded to instruct and encourage the others to assault the victims. It is well settled that "a person is presumed to intend the natural, reasonable, and probable consequences of his voluntary acts, and intent can be determined from the surrounding facts and circumstances." State v. Carter (1995),72 Ohio St.3d 545, 554. The witnesses testified that defendant told Acey to "beat they ass, just beat they asses" and that he was there instigating the fight. The natural and probable consequences of defendant's voluntary actions were that the victims would be assaulted.
 {¶ 18} Further testimony was that defendant's presence posed a threat to the victims who perceived him as the "back up" man that would enable the assault to be carried to its completion. Consequently, defendant's argument that he was merely present at the scene is not supported by the record. Construing the evidence in a light most favorable to the State, as we must, there is sufficient evidence that defendant participated in the charged offenses and that he shared an intent to assault persons inside the apartment.
 {¶ 19} Assignments of Error I and II are overruled.
 {¶ 20} "III. The failure to instruct the jury on the required mental state of an aider and abettor amounts to plain error."
 {¶ 21} The parties agree that the appropriate standard of review is for plain error. State v. Underwood (1983),3 Ohio St.3d 12, syllabus. The standard for plain error is "but for the error, the outcome of the trial clearly would have been otherwise." State v. McKee (2001), 91 Ohio St.3d 292, 294;State v. Johnson (2000), 88 Ohio St.3d 95.
 {¶ 22} Defendant argues that the court never instructed the jury on "the mental elements necessary for aiding and abetting." We disagree. Defendant concedes that the trial court properly instructed the jury on the elements necessary to sustain convictions on all of the offenses, including the requisite mental states. Then, immediately following the aiding and abetting definition, the trial court stated "[i]f you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of any one or more of the offenses charged in the separate counts of the indictment, your verdict must be not guilty as to such offense or offenses, according to your findings.
 {¶ 23} "The charges, ladies and gentlemen, set forth in each count in the indictment constitute separate and distinct matters. You must consider each count and the evidence applicable to each count separately, and you must state your findings as to each count uninfluenced by your verdict as to any other count."
 {¶ 24} An appellate court must view the jury instructions in the context of the overall charge rather than in isolation.State v. Price (1979), 60 Ohio St.2d 136. Considering the jury instructions as a whole, the trial court instructed the jury on the culpable mental states necessary to convict defendant of the principal offenses. Courts that have addressed this issue held that a defendant is not prejudiced when a complicity instruction does not refer specifically to the culpable mental state if the instructions for the underlying offenses include the requisite mental state. See State v. Head, Lake App. No. 2001-L-228,2005-Ohio-3407, citing State v. Dykes (Dec. 17, 1993), Lake App. No. 92-L-078; see, also, State v. Axson, Cuyahoga App. 81231, 2003-Ohio-2182. Similarly, defendant was not prejudiced by the court's complicity instruction, since the jury was properly instructed as to the culpable mental states necessary for conviction of the underlying offenses.
 {¶ 25} Assignment of Error III is overruled.
 {¶ 26} "IV. Mr. Gibbs' right to confrontation was violated where the trial court erred [sic] did not allow defense counsel to ask witnesses about the prior trial that ended with the acquittal of the appellant's co-defendants."
 {¶ 27} Defendant argues that his right to confrontation was violated by his inability to cross-examine the witnesses about the co-defendants' acquittals. He believes the topic was relevant towards impeaching the witnesses. We do not agree.
 {¶ 28} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Jacks (1989),63 Ohio App.3d 200, 207. "The degree of the guilt of the aider and abettor, as well as the question whether he is guilty at all, is to be determined solely by the evidence in the case, and the record of the trial of the principal is not competent evidence for either of those purposes." Goins v. State (1889),46 Ohio St. 457, 463.
 {¶ 29} The credibility of the witnesses was not compromised by the trial court's ruling excluding the fact of the co-defendants' acquittal. Defendant was not prohibited from cross-examining the witnesses with their own prior statements or testimony and he was not forbidden from calling any witness, including the co-defendants, if he wished. Since the guilt or innocence of the co-defendants is considered incompetent evidence of defendant's culpability, it was not an abuse of discretion for the trial court to exclude it from the jurors consideration.
 {¶ 30} Assignment of Error IV is overruled.
 {¶ 31} "V. The underlying convictions are void where the jury instruction permitted the appellant to be convicted by a non-unanimous jury verdict.
 {¶ 32} "VI. Trial counsel was ineffective for failing to request a unanimity jury instruction."
 {¶ 33} In these related assignments of error, defendant contends that the trial court committed plain error by failing to instruct the jury that they had to unanimously agree upon the method of entry on the burglary counts and that his counsel was ineffective[1] for failing to request this instruction. A general unanimity instruction is sufficient to ensure a unanimous verdict on the factual basis for conviction "even where the indictment alleges numerous factual basis for liability." Statev. Hamad, Cuyahoga App. No. 81189, 2003-Ohio-4401. "`The verdict stands if the evidence is sufficient with respect to any one of the acts charged.'" Id., quoting State v. Johnson (1989),46 Ohio St.3d 96, 105, quoting Turner v. United States (1970),396 U.S. 398.
 {¶ 34} The trial court explicitly and repeatedly instructed the jury of the need for a unanimous verdict. The indictments read in relevant part that defendant trespassed onto the victims' apartment "by force, stealth or deception * * *." At trial, the witnesses all testified that Acey and the defendant entered by force, i.e., that Acey broke through the back door and defendant followed after. The general unanimity instruction and the record evidence was sufficient to ensure a unanimous verdict. The failure to include and/or request a specific charge as to unanimity on the method of entry was neither plain error nor ineffective assistance of counsel.
 {¶ 35} Assignments of Error V and VI are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., and Blackmon, J., concur.
[1] To establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "`that counsel's performance was deficient'"; and (2) "`* * * that the deficient performance prejudiced the defense.'" State v. Kole,92 Ohio St.3d 303, 2001-Ohio-191, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687. However, appellate review of counsel's performance must be highly deferential. Id.