[Cite as *State v. Weaver*, 2014-Ohio-1371.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-T-0066** |
| - vs - | : | |
| PATRICK LAMAR WEAVER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2012 CR 00581.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Patrick Lamar Weaver appeals the May 10, 2013 judgment of the Trumbull County Common Pleas Court designating him a Repeat Violent Offender and seeks to vacate the three-year mandatory prison term imposed by the trial court as a result of the designation. For the following reasons, we affirm.

{¶2} Appellant was charged with robbery in violation of R.C. 2911.02(A)(2), a second-degree felony; grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) &

(B)(5), a fourth-degree felony; failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) & (C)(1)(5)(a)(ii), a third-degree felony; and assault on a peace officer in violation of R.C. 2903.13(A) & (C)(3), a fourth-degree felony.

{¶3} These charges stemmed from an incident in which appellant attacked a man at a laundromat, took his truck, and led police on a high-speed chase. Appellant's defense at trial was that he had smoked marijuana laced with an unknown substance, which caused him to lose control. Appellant admitted he assaulted the victim, took the truck, and led police on a high speed chase. Appellant denied that he threatened to kill the victim. Appellant also denied that he bit a police officer during his apprehension.

{¶4} Appellant was convicted of robbery, grand theft of a motor vehicle, and failure to comply with the order of a police officer. Appellant was acquitted of assault on a peace officer. With respect to the robbery count, the jury returned the special finding that appellant had inflicted, attempted to inflict, or threatened to inflict serious physical harm. Following a hearing at which it was established appellant had previously been convicted of burglary, the trial court designated appellant a repeat violent offender.

{¶5} For the purpose of sentencing, the trial court found appellant's grand theft conviction merged with the robbery conviction. Appellant was sentenced to eight years for robbery, one year for failure to comply with the order or signal of a police officer, and three years on the repeat violent offender specification. The trial court ordered appellant to serve his sentences consecutively for a total of 12 years.

{¶6} Appellant's trial counsel made multiple motions seeking dismissal of the repeat violent offender specification and objected to the jury's special finding of serious harm, the repeat violent offender hearing, and the court's judgment and sentence with

respect to the specification. In arguing these motions and objections, appellant's trial counsel argued the repeat violent offender statute, the hearing, and the jury's finding all violated appellant's constitutional rights generally and, specifically, his rights to confrontation and to a jury trial. The trial court overruled appellant's motions and objections concerning the repeat violent offender specification.

{¶7} Appellant filed a timely notice of appeal and asserts one assignment of error:

> The trial court erred, as a matter of law, by both submitting a repeat violent offender specification to the jury and subsequently enhancing the appellant's sentence based upon the jury's response to the specification, all in violation of the appellant's rights pursuant to the Fifth, Sixth, and Fourteenth amendments to the United States Constitution and Article I, Sections 1, 5, 10, 16, and 20 of the Constitution of the State of Ohio.

{¶8} Appellant's indictment contained a repeat violent offender specification relative to the robbery charge, pursuant to R.C. 2941.149. Second-degree felony robbery requires proof that physical harm was inflicted, attempted, or threatened by the offender. R.C. 2911.02(A)(2). R.C. 2929.14(B)(2)(a)(ii) indicates that an offender convicted of a second-degree felony offense of violence may be designated a repeat violent offender, provided, inter alia, the trier of fact finds the offender inflicted, attempted to inflict, or threatened to inflict *serious* physical harm in the commission of the repeat offense. Pursuant to both an instruction and a verdict form, the jury was asked to make a special finding regarding whether the harm appellant inflicted, attempted, or threatened, during the alleged robbery, if any, was *serious* physical harm.

{¶9} Under his assignment of error, appellant argues R.C. 2929.14(B)(2)(a)(ii) is void for vagueness on its face or, in the alternative, as applied to cases involving

3

second-degree robbery, because the statute does not require the trier of fact to specifically find whether serious physical harm was attempted or inflicted or threatened. Rather, it calls on the jury to make the finding "as a group." Appellant contends the legislature must have intended a more specific finding.

{¶10} Challenges to the constitutionality of a law are reviewed de novo. *State v. Henderson*, 11th Dist. Portage No. 2010-P-0046, 2012-Ohio-1268, ¶10. "De novo review is independent and without deference to the trial court's determination." *Id.* We presume, however, that all legislative enactments are constitutional. *State v. Ferraiolo*, 140 Ohio App.3d 585, 586, (11th Dist.2000). A statute may be challenged on constitutional grounds in two ways: (1) a statute is unconstitutional on its face when "there exists no set of circumstances under which the statute would be valid"; or (2) a statute may be unconstitutional when applied to presently existing facts in a case, though it would not be unconstitutional in all situations. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶37.

{¶11} Preliminarily, we address appellee's contention that appellant did not properly preserve the issue of vagueness for appeal, as trial counsel failed to specifically raise it below. Appellee concedes that appellant's trial counsel moved to dismiss the specification and objected thereto on constitutional grounds, but states that the grounds were general. Appellee cites to *State v. Awan*, 22 Ohio St.3d 120 (1986), where the appellate court refused to address the defendant's issue of constitutionality because the defendant first raised the issue before the court of appeals. Appellee also cites to *Girard v. Rodomsky*, 11th Dist. Trumbull No. 97-T-0107, 1998 Ohio App. LEXIS 6359, in which this court followed *Awan* in declining to consider whether a statute was

4

unconstitutionally vague. However, in *Rodomsky*, we noted *Awan* held waiver to be discretionary and stated that "constitutionality arguments may be heard for the first time on appeal, if the court exercises its discretion to do so." *Id.* at *7-8. Further, in *Rodomsky*, we specifically declined to hear the issue of whether a zoning ordinance was unconstitutionally vague, not only because the appellant had not raised the argument below, but also because the appellant did not raise the argument in his appellate brief, as required by App.R. 12(A)(2) and App.R. 16(A)(7). *Id.* at ¶8.

{¶12} Furthermore, shortly after *Awan* was decided, the Ohio Supreme Court clarified that the waiver doctrine announced therein is discretionary. *In re M.D.*, 38 Ohio St.3d 149, 151 (1988) ("Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it."). Relying on *In re M.D.*, several appellate districts have reviewed constitutionality issues under a plain error standard despite clear waiver of constitutional issues below. *See, e.g.*, *State v. Clemons*, 7th Dist. Belmont No. 11 BE 26, 2012-Ohio-5362, ¶10; *State v. Wood*, 5th Dist. Stark No. 09-CA-205, 2010-Ohio-2759, ¶28-29; *State v. Desbiens*, 2d Dist. Montgomery No. 22489, 2008-Ohio-3375, ¶17.

{¶13} The record reveals that appellant's trial counsel argued R.C. 2929.14 was generally unconstitutional, violative of appellant's rights to confrontation and trial by jury, and invites judicial fact finding. Appellant's trial counsel did not specifically argue that R.C. 2929.14 is unconstitutionally vague. However, unlike *Rodomsky*, appellant's brief to this court clearly argues that R.C. 2929.14 is unconstitutionally vague. Furthermore, as trial counsel made general constitutional objections, we are also not presented with a

5

situation in which the waiver was clear*. See In re M.D.*, *supra*. We therefore deem it appropriate to review appellant's vagueness argument for the first time on appeal.

**{¶14}** "[A] law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement." *State v. Williams,* 88 Ohio St.3d 513, 533 (2000). Appellant argues R.C. 2929.14(B)(2)(a)(ii) is "nearly incomprehensible." Appellant does not argue R.C. 2929.14(B)(2)(a)(ii) provides insufficient standards to prevent arbitrary and discriminatory enforcement. Thus, the question for our review is whether a person of common intelligence is able to ascertain from the statute what conduct may support a court's finding that an offender is a repeat violent offender.

**{¶15}** R.C. 2929.14(B)(2)(a)[1] states, in relevant part and emphasis added:

> [T]he court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:
>
> * * *
>
> (ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or *any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.*

---

1. Criteria in subsections i, iii, iv, and v must also be met; however, they are not at issue in this appeal and have thus been omitted.

6

**{¶16}** Appellant asserts five arguments concerning the trial court's decision to designate appellant a repeat violent offender and impose an additional, mandatory prison term of three years as a result of such designation.

**{¶17}** First, appellant argues this case is analogous to *State v. Davis*, 7th Dist. Mahoning No. 08 MA 152, 2009-Ohio-5273, which reversed a repeat violent offender designation following a conviction for second-degree robbery. However, as appellant notes, the reason for reversal in *Davis* was that the jury was not instructed to make a finding as to whether the harm involved was serious; nor did the jury make such a finding. *See Davis*, *supra*, ¶34-36. In this case, the jury was instructed by the trial court to make a special finding with regard to the repeat violent offender specification. The jury was instructed that, in the event it found appellant guilty of robbery, it should decide whether appellant "did inflict, attempt to inflict, or threaten to inflict serious physical harm on another." The jury found appellant guilty of robbery and made the separate, special finding that appellant inflicted, attempted to inflict, or threatened to inflict *serious* physical harm. Thus, *Davis* does not support appellant's position.

**{¶18}** Second, appellant argues R.C. 2929.14(B)(2)(a)(ii) is facially void for vagueness because having one element for the underlying offense of second-degree felony robbery—infliction, attempted infliction, or threatened infliction of physical harm—and a different element for the sentencing enhancement—infliction, attempted infliction, or threatened infliction of *serious* physical harm—is "very confusing, to the point of being nearly incomprehensible." In spite of this contention, appellant easily explains the issue, stating: "to find a criminal defendant guilty of [second-degree felony robbery], physical harm must only be shown. To invoke the sentencing enhancement contained

in the Repeat Violent Offender statutes, the trier of fact must find serious physical harm[.]" A person of common intelligence can ascertain from the statute that a robbery can be committed by threat, infliction, or attempted infliction of physical harm, but that the repeat violent offender designation does not apply unless, inter alia, the harm threatened, attempted, or inflicted was serious in nature.

{¶19} Appellant was charged with the second-degree felony variety of robbery in an indictment alleging a repeat violent offender specification. This specification called for the jury to find that the harm threatened, attempted, or inflicted during the robbery was "serious physical harm." Because the jury found the physical harm at issue was serious, it was appropriate for the court to designate appellant a repeat violent offender. R.C. 2929.14(B)(2)(a)(ii) specifically provides that when the criteria set forth in R.C. 2929.14(B)(2)(a)(i) and (iii) are met and the trier of fact determines the physical harm involved in the commission of a second-degree felony is serious, the trial court may impose an additional definite jail term for being a repeat violent offender. The fact that the robbery charge alleged only physical harm did not affect the court's ability to designate appellant a repeat violent offender.

{¶20} Third, appellant argues R.C. 2929.14(B)(2)(a)(ii) is impermissibly vague because the statutory language requires the jury to determine whether the defendant inflicted, attempted to inflict, or threatened to inflict serious physical harm without specifically finding which action occurred; that is, without specifically finding a threat, an attempt, or the actual infliction of serious physical harm. A person of common intelligence, however, can ascertain from R.C. 2929.14(B)(2)(a)(ii) that any of the three are sufficient to warrant a repeat violent offender designation. It is irrelevant whether

8

the offender threatened, attempted, or inflicted the serious physical harm. The important distinction in that regard is whether the nature of the harm—either threatened, attempted, *or* inflicted—was serious. Contrary to appellant's argument, the legislature did not clearly intend for the jury to determine whether a threat, an attempt, or actual infliction of serious physical harm was involved.

{¶21} Appellant's argument is, essentially, that there is no way to determine whether the jury was unanimous as to the alternatives it could have found, to wit: a threat, an attempt, or an actual infliction of serious physical harm. The Eighth District Court of Appeals has rejected a similar argument. In *State v. Gibbs*, 8th Dist. Cuyahoga No. 86126, 2006-Ohio-175, the defendant was indicted for trespassing in the victim's apartment "by force, stealth, or deception * * *." During the trial, each witness testified that the defendant's accomplice broke through the back door and entered the apartment. The Eighth District held that it was neither plain error nor ineffective assistance of counsel not to request a unanimity instruction on the *method* of entry. *Id.*at ¶35. *See also Schad v. Arizona*, 501 U.S. 624 (1991).

{¶22} Fourth, appellant argues that the language of R.C. 2929.14(B)(2)(a)(ii) does not actually require the jury to make a factual finding. The statute specifically requires the trier of fact to find the physical harm inflicted, attempted, or threatened was serious. This determination is not, as appellant suggests, undermined by the fact that the jury need not specify whether the serious harm was threatened, attempted, or inflicted. Appellant could have, but did not, request the trial court edit the special finding instruction to comport with the actual evidence presented. For example, when it is clear

9

that serious physical harm was not actually inflicted, it is within the trial court's discretion to omit that phrase from the jury instruction.

{¶23} Finally, appellant argues R.C. 2929.13(B)(2)(a)(ii) is unconstitutionally vague when applied to the facts of this case even if not void as applied to cases involving aggravated robbery, which requires infliction or attempted infliction of physical harm as an element of the crime. In this final argument, appellant merely reiterates his previous arguments that we have held are without merit. A person of common intelligence can ascertain from the statute what conduct may subject an offender to a repeat violent offender designation. R.C. 2929.13(B)(2)(a)(ii) is therefore not impermissibly vague.

{¶24} For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the trial court is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

10