[Cite as *State v. George*, 2021-Ohio-476.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0025** |
| MATTHEW DAVID GEORGE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CR 00776.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Michael J. Fredericka*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Slater & Zurz LLP, One Cascade Plaza, Suite 2200, Akron, Ohio 44308 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Matthew David George ("Mr. George"), appeals from the judgment entry of the Trumbull County Court of Common Pleas sentencing him to community control and a suspended jail term following his guilty pleas to possession of criminal tools and resisting arrest.

{¶2} In his sole assignment of error, Mr. George contends that the trial court's requirement that he write a letter of apology to the victim as a condition of community

control constitutes compelled speech in violation of his rights under the First Amendment to the United States Constitution.

{¶3} After a careful review of the record and pertinent law, we decline to exercise our discretion to address Mr. George's constitutional challenge for the first time on appeal. Mr. George has not asserted a plain error argument. Further, it appears that Mr. George's constitutional challenge would be a matter of first impression in Ohio.

{¶4} Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} In October 2019, the Trumbull County Grand Jury indicted Mr. George on the following four counts: attempted burglary, a felony of the third degree, in violation of R.C. 2923.02(A) and R.C. 2911.12(A)(2) and (D) (count 1); possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24(A) and (C) (count 2); aggravated menacing, a misdemeanor of the first degree, in violation of R.C. 2903.21(A) and (B) (count 3); and resisting arrest, a misdemeanor of the second degree, in violation of R.C. 2921.33(A) and (D) (count 4). Mr. George entered not guilty pleas to all counts.

{¶6} At a subsequent plea hearing, Mr. George entered oral and written pleas of guilty to possessing criminal tools (count 2) and resisting arrest (count 4). The state's factual basis for Mr. George's guilty pleas was that on or about September 11, 2019, Mr. George possessed a tire iron with purpose to gain entry into a personal residence located in Bazetta Township where an identified woman was present. The police were called and arrested Mr. George a short distance away, at which time he physically resisted the arrest.

{¶7} At the sentencing hearing, Mr. George spoke on his own behalf and indicated he wanted to "apologize to this courtroom." In a colloquy with the trial court, he indicated he had been drinking and let his emotions get the better of him. He explained that his girlfriend had "dumped" him, and he used a tire iron to break the window of a house where she and her new boyfriend were present. Mr. George stated that he did so with "bad intentions," and when the police arrived, he ran.

{¶8} On count 2 (possessing criminal tools), the felony offense, the trial court sentenced Mr. George to five years of community control, subject to the general supervision of the Adult Probation Department, with several conditions, including ten days in jail. Another condition was that Mr. George must "write a letter of apology to the victim under the supervision of the Adult Probation Department." On count 4 (resisting arrest), the misdemeanor offense, the trial court sentenced Mr. George to a suspended jail term of 90 days, concurrent to count 2. Mr. George did not raise any objections to his sentences.

{¶9} The trial court subsequently issued a judgment entry memorializing Mr. George's sentences.

{¶10} Mr. George appealed and assigns the following error for our review:

{¶11} "The court erred by ordering an apology letter, which is compelled speech prohibited by the First Amendment to the United States Constitution."

## Constitutional Challenge

{¶12} As indicated, Mr. George did not object to the constitutionality of the apology letter condition during the sentencing hearing when the trial court imposed it.

{¶13} It is a well-established rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus.

{¶14} The waiver doctrine set forth in *Awan*, however, is discretionary. *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Even where waiver is clear, constitutional challenges may be heard for the first time on appeal if the court exercises its discretion to do so "in specific cases of plain error or where the rights and interests involved may warrant it." *Id*.

{¶15} As this court has noted, several appellate districts have reviewed constitutionality issues under a plain error standard despite a clear waiver of constitutional issues below. *State v. Weaver*, 11th Dist. Trumbull No. 2013-T-0066, 2014-Ohio-1371, ¶ 12. However, the Supreme Court of Ohio has held that "[n]otice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶16} In this case, Mr. George has not argued that the trial court's imposition of the apology letter condition constitutes plain error. *See In re J.A.*, 9th Dist. Lorain No. 15CA010794, 2016-Ohio-871, ¶ 5 (declining to advance a plain-error argument on behalf of an appellant challenging a constitutional issue for the first time on appeal). Instead, Mr. George asserts that our standard of review is "de novo" because the trial court's sentence is "contrary to basic constitutional law on the most primary of enumerated rights." However, Mr. George has not cited any authority in support of this proposition.

4

*See* App.R. 16(A)(7) (requiring the appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error * * * with citations to the authorities * * * on which appellant relies").

{¶17} Further, it appears that the constitutionality of an apology letter as a condition of community control would be a matter of first impression in Ohio. *See State v. Rose*, 12th Dist. Clermont No. CA96-11-106, 1997 WL 570695, *1 (Sept. 15, 1997), fn. 1 (declining to address a constitutional question on an issue of first impression).

{¶18} Accordingly, for the foregoing reasons, we decline to exercise our discretion to address Mr. George's constitutional challenge for the first time on appeal.

{¶19} Mr. George's sole assignment of error is without merit.

{¶20} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

5