OPINION
{¶ 1} Defendant-Appellant, Lamar Alexander Copeland[1], appeals from the judgment of the Allen County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child, ordering him to complete a sex offender treatment program, and classifying him as a Tier III juvenile sex offender registrant. On appeal, Copeland argues that the application of Senate Bill Ten ("S.B. 10") to his case violates the Ex Post Facto Clause of the United States Constitution, the prohibition on retroactive laws in Article II, Section 28 of the Ohio Constitution, and the Double Jeopardy Clauses of the Ohio and United States Constitutions. Finding that an application of S.B. 10 to Copeland violates neither the Ohio nor United States Constitutions, we affirm the judgment of the juvenile court.
 {¶ 2} In May 2007, a complaint was filed alleging that Copeland was a delinquent child on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony in the first degree if committed by an adult. The complaint arose from an allegation that Copeland engaged in consensual sexual intercourse in March 2007 with C.A., a twelve-year old female. Subsequently, the juvenile court held an arraignment, at which Copeland, accompanied by his mother, entered a denial to the allegation. *Page 3 
 {¶ 3} In August 2007, pursuant to plea negotiations, Copeland withdrew his denial to the rape charge and entered an admission to attempted rape in violation of R.C. 2923.02(A) and 2907.02(A)(1)(b), a felony of the second degree if committed by an adult. In accepting Copeland's admission, the juvenile court informed him that, upon his release from a treatment program, a hearing would be held at which he could be classified either as a juvenile sexual offender registrant, which would require him to register every year for a period of ten years, or as a sexual predator, which would require him to register every ninety days for life. Furthermore, the juvenile court also informed Copeland that, under law which becomes effective January 2008, he would be classified as a mandatory sex offender, requiring him to register every ninety days for life. After accepting Copeland's admission, the juvenile court ordered that he be committed to the temporary custody of the Juvenile Residential Treatment Facility of Northwest Ohio ("treatment facility") for treatment as a sex offender.
 {¶ 4} In June 2008, upon Copeland's release from the treatment facility, the juvenile court held a classification hearing, at which the State argued that Copeland should be classified under the new classification system adopted by S.B. 10, also commonly known as the Adam Walsh Act, and that he should be classified as a Tier III juvenile sex offender registrant under the system. Alternatively, Copeland argued that he should not be classified under the *Page 4 
classification system adopted by S.B. 10 because the offense was committed, the complaint was filed, and an adjudication was held prior to the effective date of the law. He reasoned that, because these events occurred before the effective date, any application of the law to him would be a violation of his due process rights and a violation of the Ex Post Facto Clause and the prohibition on retroactive laws contained in the United States and Ohio Constitutions respectively. Subsequently, the juvenile court applied the new classification system adopted by S.B. 10 and found Copeland to be a Tier III juvenile sex offender registrant.
 {¶ 5} It is from this classification that Copeland appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THAT THE APPLICATION OF OHIO'S ADAM WALSH ACT TO THIS CHILD IS A RETROACTIVE APPLICATION OF OHIO'S ADAM WALSH ACT VIOLATES [SIC] THE PROHIBITION ON EX POST FACTO LAWS IN ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION.
 Assignment of Error No. II THE RETROACTIVE APPLICATION OF OHIO'S ADAM WALSH ACT VIOLATES THE PROHIBITION ON RETROACTIVE LAWS IN ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION.
 Assignment of Error No. III APPLICATION OF THE ADAM WALSH ACT TO THIS OFFENDER VIOLATES THE DOUBLE JEOPARDY *Page 5 CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTION [SIC].
 {¶ 6} Due to the nature of Copeland's assignments of error, we elect to address them together.
 Assignments of Error Nos. I, II, and III {¶ 7} In his first, second, and third assignments of error, Copeland argues that applying the classification system adopted by the Adam Walsh Act to him violates the Ex Post Facto Clause of the United States Constitution, the prohibition on retroactive laws in the Ohio Constitution, and the Double Jeopardy Clauses in the United States and Ohio Constitutions. Specifically, Copeland asserts that because the offense was committed, the complaint was filed, and the disposition was held before the effective date of the act, employing the act to classify him would result in these constitutional violations.
 {¶ 8} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel.Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or *Page 6 
provisions of the Constitution." Xenia v. Schmidt (1920),101 Ohio St. 437, paragraph two of the syllabus.
 {¶ 9} S.B. 10, also known as the Adam Walsh Child Protection and Safety Act, passed in June 2007, with an effective date of January 1, 2008, amended the sexual offender classification system found in R.C. 2950.01. In Re Gant, 3d Dist. No. 1-08-11, 2008-Ohio-5198, ¶ 11. Under the prior classification system, the trial court determined whether the offender fell into one of three categories: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. R.C. 2950.09; State v. Cook, 83 Ohio St.3d 404, 407, 198-Ohio-291. In determining whether to classify an offender as a sexual predator, R.C. 2950.09(B)(3) provided the trial court with numerous factors to consider in its determination. In re Smith, 3d Dist. No. 1-07-58, 2008-Ohio-3234, ¶ 28.
 {¶ 10} Under the new classification system adopted by S.B. 10, the trial court must designate the offender as either a Tier I, II, or III sex offender. R.C. 2950.01; Gant, 2008-Ohio-5198, at ¶ 15. The new classification system places a much greater limit on the discretion of the trial court to categorize the offender, as S.B. 10 requires the trial court to simply place the offender into one of the three tiers based on their offense. Id. A portion of the requirements for a Tier III classification are as follows:
 (G) "Tier III sex offender/child-victim offender" means any of the following: *Page 7 
 (1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:
 (a) A violation of section 2907.02 or 2907.03 of the Revised Code;
 (b) A violation of division (B) of section 2907.05 of the Revised Code;
 (c) A violation of section 2903.01, 2903.02, or 2903.11 of the Revised Code when the violation was committed with a sexual motivation;
 (d) A violation of division (A) of section 2903.04 of the Revised Code when the offender committed or attempted to commit the felony that is the basis of the violation with a sexual motivation;
 (e) A violation of division (A)(4) of section 2905.01 of the Revised Code when the victim of the offense is under eighteen years of age;
 (f) A violation of division (B) of section 2905.01 of the Revised Code when the victim of the offense is under eighteen years of age and the offender is not a parent of the victim of the offense;
R.C. 2950.01(G)(1)(a)-(f).
 {¶ 11} In Gant, 2008-Ohio-5198, and Smith, 2008-Ohio-3234, this Court decided the issue of whether classifying a sex offender under S.B. 10, where the offender committed the acts prior to the effective date of the law, violates the Ex Post Facto Clause of the United States Constitution, the prohibition on retroactive laws under the Ohio Constitution, and the Double Jeopardy Clauses of the Ohio and United States Constitutions. In these cases we cited the Supreme Court of Ohio's decisions in Cook, 83 Ohio St.3d 404, and State v. Williams,88 Ohio St.3d 513, 2000-Ohio-428; to conclude that classifying an offender under S.B. 10, where the offender committed the acts prior to the effective date of the law, did *Page 8 
not violate the Ex Post Facto Clause, the prohibition on retroactive laws, or the Double Jeopardy clauses. Consequently, under the principle of stare decisis, we are bound by the precedent of this Court's prior decisions.
 {¶ 12} Accordingly, we overrule Copeland's first, second, and third assignments of error.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 SHAW and WILLAMOWSKI, J.J., concur.
[1] Throughout the record, Copeland is also referred to as Lamar Alexander Fitzgerald, but we will refer to him as Lamar Alexander Copeland. *Page 1