[Cite as *In re Messmer*, 2010-Ohio-1088.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

IN THE MATTER OF:

        CASE NO. 16-09-17

    JUSTIN A. MESSMER,

ADJUDICATED DELINQUENT CHILD.    **O P I N I O N**

**Appeal from Wyandot County Common Pleas Court**
**Juvenile Division**
**Trial Court No. A 2071139**

**Judgment Affirmed**

**Date of Decision: March 22, 2010**

**APPEARANCES:**

    *Amanda J. Powell* **for Appellant**

    *Douglas D. Rowland* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Justin Messmer, appeals from the judgment of the Court of Common Pleas of Wyandot County, Juvenile Division, designating him a Tier II sex offender. On appeal, Messmer argues that the trial court abused its discretion in classifying him as a Tier II sex offender based on a finding that the classification was mandated by his offense; that the application of Senate Bill 10 ("S.B. 10") to his case resulted in a violation of his due process rights and right to equal protection under the United States and Ohio Constitutions; and, that S.B. 10's application violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Based on the following, we affirm the judgment of the trial court.

{¶2} In September 2007, the Upper Sandusky Police Department filed a complaint alleging Messmer was a delinquent child on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) and 2152.02(F), a felony of the third degree if committed by an adult. The complaint arose from allegations that Messmer had sexual contact with his eight year-old sister. Subsequently, the juvenile court entered a denial of the allegation on Messmer's behalf.

{¶3} In October 2007, Messmer withdrew his denial to the complaint and entered an admission to the charge of gross sexual imposition, with the juvenile court accepting the admission and adjudicating him a delinquent child.

{¶4} In January 2008, the juvenile court proceeded to disposition, classifying Messmer as a Tier II sex offender, committing him to the Department of Youth Services ("DYS") for a minimum period of six months, and up to a maximum period not to exceed his twenty-first birthday, and ordering him to complete fifty hours of community service and to have no contact with a juvenile without adult supervision.

{¶5} In September 2008, this Court reversed the judgment of the juvenile court in *In re Messmer*, 3d Dist. No. 16-08-03, 2008-Ohio-4955, finding that Messmer's admission to the charge of gross sexual imposition was not knowing, voluntary, and intelligent because the juvenile court failed to comply with Juv.R. 29(D) in accepting Messmer's admission.

{¶6} In October 2008, Messmer re-entered his admission to the charge of gross sexual imposition, and the juvenile court accepted the admission and adjudicated him a delinquent child. Thereafter, Messmer was again committed to DYS for a minimum period of six months, and up to a maximum period not to exceed his twenty-first birthday, and ordered to complete fifty hours of community service and to have no contact with a juvenile without adult supervision.

{¶7} In August 2009, the juvenile court conducted a juvenile sexual offender designation hearing, in which it categorized Messmer as a Tier II sexual offender.

{¶8} It is from the juvenile court's sexual offender designation that Messmer appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT JUSTIN M'S CLASSIFICATION AS A TIER II JUVENILE SEX OFFENDER REGISTRANT WAS OFFENSE-BASED, IN VIOLATION OF R.C. 2950.01(E)-(G). (A-7); (T.PP. 2-6).**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT FOUND SENATE BILL 10 CONSTITUTIONAL AS APPLIED TO JUSTIN M., AS THE APPLICATION OF SENATE BILL 10 TO JUSTIN VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION. (A-7); (T.PP. 5-6).**

*Assignment of Error No. III*

**THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO JUSTIN M. VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION. (A-7); (T.PP. 2-6).**

*Assignment of Error No. IV*

**THE JUVENILE COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO JUSTIN M., AS THE LAW VIOLATES HIS RIGHT TO EQUAL PROTECTION UNDER THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION. (A-7); (T.PP. 2-6).**

{¶9} Due to the nature of Messmer's arguments, we elect to address assignments of error two and three together.

*Assignment of Error No. I*

{¶10} In his first assignment of error, Messmer argues that the juvenile court abused its discretion when it classified him as a Tier II sex offender. Specifically, he contends that the juvenile court mistakenly believed that the classification was offense-based and mandatory, when, in fact, it had the discretion to determine his classification. We disagree.

{¶11} S.B. 10 was enacted in June 2007, with an effective date of January 1, 2008, and amended the sexual offender classification system found in former R.C. 2950. *In re Gant,* 3d Dist. No. 1-08-11, 2008-Ohio-5198, ¶11, appeal accepted for review, 3/25/2009 Case Announcements, 2009-Ohio-1296. Under the prior classification system, the trial court determined whether the offender fell into one of three categories: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. Former R.C. 2950.09; *State v. Cook,* 83 Ohio St.3d 404, 407, 1998-Ohio-291. In determining whether to classify an offender as a sexual predator, former R.C. 2950.09(B)(3) provided the trial court with numerous factors to consider in its determination. *In re Smith,* 3d Dist. No. 1-07-58, 2008-Ohio-3234, ¶28, appeal accepted for review, 12/8/2008 Case

Announcements, 2008-Ohio-6166. Additionally, R.C. 2950.04 imposed registration requirements for sexual offenders.

{¶12} In contrast, S.B. 10 requires the trial court to designate the offender as either a Tier I, II, or III sex offender. R.C. 2950.01; *Gant,* 2008-Ohio-5198, at ¶15. The new classification system places a much greater limit on the discretion of the trial court to categorize the offender, as S.B. 10 requires the trial court to simply place the offender into one of the three tiers based on the offense. *Id.* A portion of the requirements for a Tier II classification are as follows:

> **F) "Tier II sex offender/child-victim offender" means any of the following:**
>
> **(1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:**
>
> **\* \* \***
>
> **(c) A violation of division (A)(4) of section 2907.05 or of division (A)(1) or (2) of section 2907.323 of the Revised Code;**

R.C. 2950.01(F)(1)(c). Accordingly, the trial court has no discretion in designating the offender as a Tier I, II, or III sex offender; it must merely classify the offender according to the offense committed. See *Smith*, 2008-Ohio-3234, at ¶31; *Gant,* 2008-Ohio-5198, at ¶15; *Downing v. State*, 3d Dist. No. 8-08-29, 2009-Ohio-1834, ¶10.

Case No. 16-09-17

{¶13} Here, Messmer was adjudicated a delinquent child due to his admission to gross sexual imposition in violation of R.C. 2907.05(A)(4). Accordingly, pursuant to R.C. 2950.01(F)(1)(c), the juvenile court was required to classify Messmer as a Tier II sex offender. Consequently, we find there to be no error in the juvenile court's classification of Messmer as a Tier II sex offender.

{¶14} Accordingly, we overrule Messmer's first assignment of error.

*Assignments of Error Nos. II and III*

{¶15} In his second and third assignments of error, Messmer argues that the juvenile court's application of S.B. 10 to designate him as a Tier II sex offender violated his due process rights under the United States and Ohio Constitutions, and violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Specifically, Messmer contends that S.B. 10's elimination of the juvenile court's discretion in designating sex offenders results in criminal sanctions for juvenile offenders and eliminates due process protections afforded by case-by-case designations. Additionally, Messmer also asserts that, due to S.B. 10's application to offenses that occurred prior to its enactment, and due the General Assembly's penal objective in promulgating the statute, S.B. 10 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶16} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, paragraph one of the syllabus. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." *Xenia v. Schmidt* (1920), 101 Ohio St. 437, paragraph two of the syllabus.

{¶17} A statute's constitutionality can be challenged on its face or on the particular set of facts to which the statute has been applied. *Harold v. Collier,* 107 Ohio St.3d 44, 2005-Ohio-5334, ¶37, citing *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, paragraph four of the syllabus. When a statute is challenged on its face, the challenger must demonstrate that no set of circumstances exist under which the statute would be valid. Id., citing *United States v. Salerno* (1987), 481 U.S. 739, 745. The fact that the statute could operate unconstitutionally under some given set of facts or circumstances is insufficient to render it wholly invalid. Id. "Conversely, when a statute is challenged as applied, the challenger must establish by clear and convincing evidence an existing set of facts that renders the statute invalid when applied to those facts." *Smith v. Jones*,

175 Ohio App.3d 705, 2007-Ohio-6708, ¶14, citing *Harold,* 107 Ohio St.3d 44, at ¶38.

{**¶18**} Here, Messmer challenges the constitutionality of S.B. 10 as applied to his case. This Court has previously addressed the issues of whether the application of S.B. 10 violates a defendant's due process rights under the Ohio and United States Constitutions, and whether it violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution, and has continually found there to be no such constitutional violations. See *Smith*, 2008-Ohio-3234; *Gant,* 2008-Ohio-5198; *Downing*, 2009-Ohio-1834; *Holcomb v. State*, 3d Dist. Nos. 8-08-23, 8-08-24, 8-08-25, 8-08-26; 2009-Ohio-782; *In re Copeland*, 3d Dist. No. 1-08-40, 2009-Ohio-190. Consequently, because this Court has found that S.B. 10 does not run afoul of these constitutional provisions, we are now bound by the principle of stare decisis to our prior decisions. See *Copeland*, 2009-Ohio-190, at ¶11.

{**¶19**} Accordingly, we overrule Messmer's second and third assignments of error.

*Assignment of Error No. IV*

{**¶20**} In his fourth assignment of error, Messmer argues that the application of S.B. 10 to his case results in a violation of his right to equal protection under the United States and Ohio Constitutions. Specifically, he

contends that S.B. 10's penalty scheme based upon the offender's age bears no rational relation to a legitimate government interest and, therefore, runs afoul of the United States and Ohio Constitutions. We disagree.

**{¶21}** As set forth in our disposition of Messmer's second and third assignments of error, all legislative enactments are presumed constitutional, and a challenge to the constitutionality of a statue can only prevail when the challenger demonstrates unconstitutionality beyond a reasonable doubt. *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, ¶17, citing *Klein v. Leis,* 99 Ohio St.3d 537, 2003-Ohio-4779, ¶4. Additionally, we note that Messmer challenges the constitutionality of S.B. 10 on its face and as applied to him.

**{¶22}** In order to determine the constitutionality of a statute under the equal protection clause, we must first decide whether a fundamental right or suspect class is involved. *Conley v. Shearer*, 64 Ohio St.3d 284, 289, 1992-Ohio-133. "'A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions [sic] if it bears a rational relationship to a legitimate governmental interest.'" *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶8, quoting *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29. Under rational basis review, the judgment of the General Assembly is granted substantial deference. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122

Ohio St.3d 56, 2009-Ohio-1970, ¶15, citing *State v. Williams*, 88 Ohio St.3d 513, 531, 2000-Ohio-428. Furthermore, rational basis review only requires a reasonable justification for the classification, even if the classifications are imprecise. *Groch v. Gen. Motors Corp*, 117 Ohio St.3d 192, 2008-Ohio-546, ¶82.

**{¶23}** Here, Messmer asserts a violation of equal protection on the basis that S.B. 10 impermissibly classifies sexual offenders according to age. However, the suspect classes have been traditionally defined as race, sex, religion, and national origin, *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 362, 1995-Ohio-298, with age being excluded. *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 1999-Ohio-285, fn2. Accordingly, we will analyze whether S.B. 10's classification scheme bears a rational relationship to a legitimate government interest.

**{¶24}** Under R.C. 2152.83(A)(1), a juvenile court is required to classify a juvenile as a sex offender where three conditions are met. One of those conditions is that the juvenile was sixteen or seventeen years of age at the time of committing the offense. However, pursuant to R.C. 2152.83(B)(1), the juvenile court has the discretion to conduct a hearing to determine if the juvenile should be classified as a sex offender when three conditions are met, one of which is that the juvenile was fourteen or fifteen years of age at the time of committing the offense. Accordingly, whether the juvenile court has discretion to or is required to classify

a juvenile as a sex offender is partly based upon the age of the juvenile at the time of committing the offense.

**{¶25}** The General Assembly's reasoning behind the promulgation of sex offender classifications and punishments is set forth in R.C. 2950.02, which provides, in pertinent part:

> **If the public is provided adequate notice and information about offenders and delinquent children who commit sexually oriented offenses or who commit child-victim oriented offenses, members of the public and communities can develop constructive plans to prepare themselves and their children for the offender's or delinquent child's release from imprisonment, a prison term, or other confinement or detention. * * ***
>
> **\* \* \***
>
> **Sex offenders and child-victim offenders pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and child-victim offenders is a paramount governmental interest.**

R.C. 2950.02(A)(1),(2).

**{¶26}** Accordingly, if the purpose of sex offender classification is to notify and protect the public due to the likelihood of recidivism among sex offenders, it is likely the General Assembly concluded that the lower the age of the offender, the reduced likelihood of recidivism, thereby granting the juvenile court discretion in determining whether a sex offender classification is needed when the offender is

younger. Consequently, we find that this age classification bears a rational relationship to a legitimate government interest.

{¶27} Accordingly, we overrule Messmer's fourth assignment of error.

{¶28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**