[Cite as *In re J.M.*, 2012-Ohio-4109.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### WYANDOT COUNTY

IN THE MATTER OF:

      CASE NO. 16-12-01

    J.M.,

ADJUDICATED DELINQUENT        O P I N I O N
CHILD.

Appeal from Wyandot County Common Pleas Court
Juvenile Division
Trial Court No. A 2071139

**Judgment Affirmed**

**Date of Decision: September 10, 2012**

APPEARANCES:

    *Amanda J. Powell* for Appellant

    *Jonathan K. Miller* for Appellee

**PRESTON, J.**

{¶1} J.M., juvenile defendant-appellant, appeals from the Wyandot County Court of Common Pleas, Juvenile Division's designation of him as a juvenile sex offender following a sexual offender designation hearing. J.M. contends the juvenile court did not have jurisdiction to designate him a juvenile offender registrant and that the designation violates his right to equal protection. For the reasons that follow, we affirm.

{¶2} On September 4, 2007, the Upper Sandusky Police Department filed a complaint alleging that J.M. was a delinquent child on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) and 2152.02(F), a felony of the third degree if committed by an adult. (Doc. No. 1). J.M. denied the allegation. (Doc. No. 8).

{¶3} On October 23, 2007, the juvenile court held an adjudication and change of plea hearing. (Doc. No. 17). J.M. withdrew his denial and entered an admission to gross sexual imposition. (*Id*.).

{¶4} On January 7, 2008, the juvenile court held a hearing regarding the disposition of the case. (Doc. No. 22). On January 9, 2008, the juvenile court issued its judgment entry, committing J.M. to the Ohio Department of Youth Services ("DYS") for a minimum of six months, up to a maximum period not to

exceed his twenty-first birthday. (*Id.*). The juvenile court also designated J.M. as a Tier II sex offender. (Doc. No. 21).

{¶5} J.M. timely appealed to this Court. *In the Matter of Messmer*, 3d Dist. No. 16-08-03, 2008-Ohio-4955 ("*Messmer I*"). We found that J.M. did not knowingly enter his admission and reversed and remanded the case for the juvenile court to properly advise J.M. of the waiver of his trial rights pursuant to Juv.R. 29(D)(2). *Id.* at ¶ 15-16. We found J.M.'s remaining assignments of error moot and declined to address them. *Id.* at ¶ 18.

{¶6} On October 15, 2008, the juvenile court held an adjudication hearing where J.M. again entered an admission to gross sexual imposition. (Doc. No. 51). The juvenile court accepted the admission, adjudicated J.M. a delinquent child, and again committed J.M. to DYS for a minimum period of six months, up to a maximum period not to exceed his twenty-first birthday. (*Id.*).

{¶7} On August 21, 2009, the juvenile court held a sexual offender designation hearing. (Doc. No. 62). The juvenile court designated J.M. as a Tier II sexual offender. (*Id.*).

{¶8} J.M. subsequently appealed to this Court. *In the Matter of Messmer*, 3d Dist. No. 16-09-17, 2010-Ohio-1088 ("*Messmer II*"). In his appeal, J.M. argued the juvenile court abused its discretion by classifying him as a Tier II sexual offender and that the juvenile court's application of S.B. 10 was

unconstitutional. *Id.* This Court overruled J.M.'s assignments of error, affirming the juvenile court's judgment. *Id.* at ¶ 28.

{¶9} On August 25, 2010, the Supreme Court of Ohio accepted J.M.'s discretionary appeal. *In re Messmer*, 126 Ohio St.3d 1543, 2010-Ohio-3855 ("*Messmer III*"). On October 20, 2011, the Supreme Court of Ohio reversed and remanded the case to the juvenile court for the application of *State v. William*, 129 Ohio St.3d 344, 2011-Ohio-3374. *In re Cases Held for the Decision in In re D.J.S.*, 130 Ohio St.3d 253, 2011-Ohio-5349, ¶ 1. In *William*, the Supreme Court of Ohio held that S.B. 10 was unconstitutional as applied to defendants who had committed a sex offense prior to its enactment. *William* at syllabus.

{¶10} On October 31, 2011, J.M filed a motion for reconsideration or, in the alternative, a motion to stay the Supreme Court of Ohio's mandate. (Doc. No. 83). On November 15, 2011, the juvenile court postponed the sexual offender designation hearing until the Supreme Court of Ohio had ruled on J.M.'s motion. (*Id.*). The juvenile court stated that it could not proceed until the Supreme Court of Ohio had issued the mandate. (*Id.*).

{¶11} On November 18, 2011, the State filed a motion requesting the juvenile court to schedule the sexual offender designation hearing because the Supreme Court of Ohio had denied J.M.'s motions. (Doc. No. 84).

{¶12} On November 22, 2011, the juvenile court held a sexual offender designation hearing. (Doc. No. 88). At the hearing, J.M. argued the juvenile court no longer had jurisdiction because he was 20 years old and had completed his disposition. (*Id.*). On December 8, 2011, the juvenile court filed its judgment entry designating J.M. as a juvenile offender registrant. (*Id.*).

{¶13} On January 5, 2012, J.M. filed a notice of appeal. (Doc. No. 93). J.M. now raises three assignments of error for our review.

**Assignment of Error No. I**

**The Wyandot County Juvenile Court erred when it classified [J.M.] as a juvenile sex offender registrant after he completed his juvenile court disposition**

{¶14} In his first assignment of error, J.M. argues the juvenile court did not have jurisdiction to classify him as a juvenile sex offender registrant because he had completed the disposition on his case. J.M. argues that DYS discharged him from its supervision in May 2010, so his case was closed at the time of the classification hearing and the juvenile court's jurisdiction had ended.

{¶15} A challenge to a trial court's jurisdiction is reviewed de novo upon appeal. *In re L.B., L.B., A.F.*, 9th Dist. No. 26034, 2012-Ohio-905, ¶ 6. Under the de novo standard of review, the appellate court may substitute, without deference, its judgment for that of the trial court. *Arnett v. Precision Strip, Inc.*, 3d Dist. No.

2-11-25, 2012-Ohio-2693, ¶ 10, citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346 (2d Dist.1992)

{¶16} In support of his argument, J.M. relies on *In re Cross*, where the Supreme Court of Ohio held that a juvenile court did not have jurisdiction to re-impose a previously suspended sentence of commitment to DYS after the juvenile had been released from probation. 96 Ohio St.3d 328, 2002-Ohio-4183. The Supreme Court of Ohio determined there was no statutory authority for a juvenile court to indefinitely suspend a DYS commitment after the juvenile had completed probation. *Id*. at ¶ 27. The Court held that the juvenile court's jurisdiction ended when the juvenile completed the probation, and, at that time, the juvenile court lost its ability to make further dispositions on that delinquency count. *Id*. at ¶ 28.

{¶17} The present case is distinguishable from *Cross*. Unlike in *Cross*, the juvenile court in the instant case was not re-imposing a previously suspended sentence, but instead was correcting a dispositional error following a remand from the Supreme Court of Ohio. According to the doctrine of the law of the case, a lower court is compelled to "follow the mandates of reviewing courts." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The Supreme Court of Ohio has stated, that "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable

law. Moreover, the trial court is without authority to extend or vary the mandate given." *Id.* at 3-4 (citations omitted). Thus, the juvenile court was acting pursuant to a Supreme Court of Ohio ruling, as required by the doctrine of the law of the case. We should also note that unlike in *Cross*, any delay between the end of J.M.'s disposition and his sex offender classification was not due to an administrative lapse by the juvenile court, but because J.M. was pursuing his right to appeal, a process that had taken over two years at the time of the juvenile court decision.

**{¶18}** Additionally, we agree with the State that the present case is more analogous to a case from the Twelfth District Court of Appeals, *In re A.R.*, 12th Dist. No. CA2008-03-036, 2008-Ohio-6566 (reversed and remanded for the application of *State v. William*). In *A.R.*, the juvenile relied on *Cross* to argue the juvenile court lacked jurisdiction to re-classify him as a sexual offender following a remand of his original sex offender classification because the juvenile had completed his disposition, which required him to undergo sex offender treatment. *Id.* at ¶ 7-11. The Twelfth District determined that *Cross* did not apply because the juvenile court was acting pursuant to a mandate from an appellate court rather than re-imposing a previously suspended sentence. *Id.* at ¶ 16. Similarly, the juvenile court in the instant case was acting pursuant to a judgment from the Supreme Court of Ohio rather than imposing a previously suspended sentence.

Based on the foregoing, we find that the juvenile court correctly classified J.M. as a juvenile sex offender.

{¶19} J.M.'s first assignment of error is, therefore, overruled.

**Assignment of Error No. II**

**The Wyandot County Juvenile Court was without authority to conduct a juvenile sex offender classification hearing while [J.M.]'s appeal to the Supreme Court of Ohio was still pending in that Court**

{¶20} In his second assignment of error, J.M. argues the juvenile court did not have jurisdiction to classify him as a juvenile sex offender because the Supreme Court of Ohio had not issued a mandate to the juvenile court following its denial of his motion for reconsideration. J.M. contends that the juvenile court was divested of jurisdiction until the case was remanded from the Supreme Court of Ohio through the mandate. J.M. argues that since the juvenile court did not have jurisdiction when it classified him as a juvenile sexual offender, the classification order is void.

{¶21} We disagree with J.M.'s contention that the juvenile court lacked jurisdiction until the Supreme Court of Ohio issued its mandate. S.Ct. Prac. R. 11.1 states, "[t]he filing of a judgment entry or other order by the Supreme Court with the Clerk for journalization constitutes entry of the judgment or order. A Supreme Court judgment entry or other order is effective when it is filed with the Clerk." In the present case, the Supreme Court of Ohio's entry denying J.M.'s

motion for reconsideration was filed on November 17, 2011. The judgment entry was thus effective on that date. S.Ct. Prac. R. 11.1. Subsequent to the effective date of the judgment entry, the juvenile court held the sexual offender classification hearing on November 22, 2011, and filed its judgment entry designating J.M. as a juvenile offender registrant on December 8, 2011. (Doc. No. 88). Therefore, the juvenile court was acting pursuant to a Supreme Court of Ohio judgment entry at the time of the hearing and filing of its judgment entry.

{¶22} S.Ct. Prac. R. 11.4 also requires the Supreme Court of Ohio's clerk to issue a mandate when a motion for reconsideration is denied. The rule states, "the mandate shall be issued when the order denying the motion for reconsideration is filed with the Clerk" and further provides that "[a] certified copy of the judgment entry shall constitute the mandate." S.Ct. Prac. R. 11.4. A lower court is required to follow the mandates of a reviewing court, and is "without authority to extend or vary the mandate given." *Otten v. Tuttle*, 12th Dist. No. CA2009-09-055, 2010-Ohio-5424, ¶ 29, citing *Singleton v. Singleton*, 95 Ohio App.3d 467, 471 (1994).

{¶23} Here, the Supreme Court of Ohio clerk sent a certified copy of the judgment entry and mandate to the juvenile court clerk on December 20, 2011. The juvenile court was thus required to hold the sexual offender classification hearing after that date. *Otten* at ¶ 29. However, we cannot find that the juvenile

court erred by classifying J.M. as a juvenile offender registrant after the effective date of the Supreme Court of Ohio's judgment entry but before it was mandated to do so. While the reason for the delay between the entry denying J.M.'s motion for reconsideration and sending the mandate to the juvenile court is unclear, the juvenile court acted in accordance with an effective ruling. Furthermore, J.M. has failed to provide clear legal authority for his contention that the juvenile court lacked jurisdiction to act pursuant to an effective judgment entry because it had not yet received the mandate. Consequently, we cannot find that the juvenile court erred by classifying J.M. as a sexual offender registrant after the Supreme Court of Ohio had filed its judgment entry but before it had issued its mandate.

{¶24} J.M.'s second assignment of error is, therefore, overruled.

### Assignment of Error No. III

**The juvenile court erred when it classified [J.M.] as a Juvenile Offender Registrant because the application of R.C. 2152.83 to him violates his right to equal protection under the law in violation of the Fourteenth Amendment to the United States Constitution; Article I, section 2 of the Ohio Constitution**

{¶25} In his third assignment of error, J.M. argues the application of R.C. 2152.83 violates his right to equal protection under the law pursuant to the Fourteenth Amendment. J.M. contends that R.C. 2152.83 unconstitutionally treats juveniles differently depending on their age without any rationale for the disparate treatment.

**{¶26}** All legislative enactments are presumed constitutional, and a challenge to the constitutionality of a statute can only prevail when the challenger demonstrates that the statute is unconstitutional beyond a reasonable doubt. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17, citing *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, ¶ 4. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is clear conflict between the legislation in question and some particular provision or provisions of the Constitution." *Xenia v. Schmidt*, 101 Ohio St. 437 (1920), paragraph two of the syllabus.

**{¶27}** The statute J.M. challenges, the version of R.C. 2152.83 prior to S.B. 10, required a juvenile court to classify the juvenile as a sex offender registrant if the juvenile was 16 or 17 years old, while it granted the juvenile court the discretion to classify the juvenile as a sex offender registrant in the case of a 14 or 15 year old. Consequently, whether the juvenile court has the discretion to or is required to classify a juvenile as a sex offender is based partly on the juvenile's age at the time of the offense.

**{¶28}** As an initial matter, we note that J.M. challenges the constitutionality of R.C. 2152.83 as applied to him. "[W]hen a statute is challenged as applied, the challenger must establish by clear and convincing evidence an existing set of facts that renders the statute invalid when applied to those facts." *Smith v. Jones*, 175

Ohio App.3d 705, 2007-Ohio-6708, ¶ 14 (3d Dist.), citing *Harold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 38.

{¶29} In order to determine the constitutionality of a statute under the equal protection clause, we must first decide whether a fundamental right or suspect class is involved. *Conley v. Shearer*, 64 Ohio St.3d 284, 289 (1992). "'A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause * * * if it bears a rational relationship to a legitimate governmental interest.'" *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶ 8, quoting *Menefee v. Queen City Metro*, 49 Ohio St.3d 27, 29 (1990). Under rational basis review, the judgment of the General Assembly is granted substantial deference. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, ¶ 15, citing *State v. Williams*, 88 Ohio St.3d 513, 531 (2000). A rational basis review only requires a reasonable justification for the classification, even if the classifications are imprecise. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, ¶ 82.

{¶30} Both J.M. and the State agree that rational basis review should be applied to the present case. The suspect classes have traditionally been defined as race, sex, religion, and national origin, with age excluded. *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 362 (1995); *Cleveland v. Trezbuckowski*,

85 Ohio St.3d 524 (1999), fn2. Therefore, we agree with the parties and will analyze R.C. 2152.83 to determine whether the classification bears a rational relationship to a legitimate governmental interest.

{¶31} The General Assembly provided its rationale for the sex offender classification scheme in R.C. 2950.02, where it stated that its purpose is to "provide adequate notice and information about offenders and delinquent children who commit sexually oriented offenses" so that "members of the public and communities can develop constructive plans to prepare themselves and their children for the offender's or delinquent child's release * * *." The General Assembly further stated:

> Sex offenders and offenders who commit child-victim oriented offenses pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and offenders who commit child-victim oriented offenses is a paramount governmental interest.

R.C. 2950.02(A)(2).

{¶32} J.M. raised a similar constitutional challenge to S.B. 10 in *Messmer II*, 2010-Ohio-1088. The same rationale for the classification scheme in S.B. 10 applies to R.C. 2152.93. As this Court has previously stated:

if the purpose of sex offender classification is to notify and protect the public due to the likelihood of recidivism among sex offenders, it is likely the General Assembly concluded that the lower the age of the offender, the reduced likelihood of recidivism, thereby granting the juvenile court discretion in determining whether a sex offender classification is needed when the offender is younger.

*Id.* at ¶ 26. Consequently, we find that the age classification scheme in R.C. 2152.93 bears a rational relationship to a legitimate government interest and does not violate J.M.'s right to equal protection of the law.

{¶33} J.M.'s third assignment of error is, therefore, overruled.

{¶34} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the juvenile court.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**