[Cite as *In re T.M.*, 2016-Ohio-8425.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: T.M., | : | **O P I N I O N** |
| DELINQUENT CHILD. | | |
| | : | |
| | | **CASE NO. 2016-G-0060** |

Appeal from the Geauga County Court of Common Pleas, Juvenile Division.
Case No. 14 JD 000426.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Melissa J. Lee*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Appellee, the state of Ohio).

*Timothy Young*, Ohio Public Defender, and *Charlyn Bohland*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Appellant, T.M., a minor).

TIMOTHY P. CANNON, J.

{¶1} Appellant, T.M., a minor, appeals from an entry of the Geauga County Court of Common Pleas, Juvenile Division, classifying her as a Tier II juvenile sex offender and imposing 20-year registration requirements. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On November 6, 2014, appellee, the state of Ohio, filed a complaint against T.M., alleging one count of rape, four counts of gross sexual imposition, and two counts of delinquency. T.M. entered pleas of true to two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree if committed

by an adult. The remaining five counts were dismissed by the state. T.M. was 17 years old at the time of the offense; the two victims were 9 years old and 10 years old. On December 29, 2014, T.M. was adjudicated delinquent. The court postponed final disposition in order to review the pre-disposition report and a Sexual Aggression Assessment.

{¶3} At disposition on January 20, 2015, T.M. was committed to the custody of the Ohio Department of Youth Services ("DYS") for two consecutive terms of at least six months, but not to exceed T.M.'s twenty-first birthday. The judgment entry of disposition also stated the matter shall be set for a classification hearing prior to T.M.'s discharge from the custody of DYS.

{¶4} The trial court held a juvenile offender registrant classification hearing on November 20, 2015. Prior to and at the hearing, defense counsel raised constitutional challenges to classifying T.M. as a juvenile sex offender with reporting requirements that would extend past her twenty-first birthday. Specifically, defense counsel argued it would violate the Equal Protection and Due Process Clauses, as well as constitute Double Jeopardy. After the hearing, the state filed a response in opposition to the objections.

{¶5} In a December 18, 2015 judgment entry, the trial court overruled T.M.'s objections. The court classified T.M. as a Tier II juvenile sex offender; T.M. is thus required to register in person every 180 days for a period of 20 years. T.M. appealed from this entry and raises two assignments of error for our review:

> [1.] The juvenile court erred when it classified T.M. as a juvenile offender registrant because T.M.'s status as a mandatory registrant under R.C. 2152.83(A) violates the Equal Protection Clauses of the U.S. and Ohio Constitutions.

2

[2.] The juvenile court erred when it classified T.M. as a tier II juvenile offender registrant because the classification period extends beyond the age jurisdiction of the juvenile court, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Sections 9 and 16, Ohio Constitution.

{¶6} Challenges to the constitutionality of a law are reviewed de novo. *State v. Weaver*, 11th Dist. Trumbull No. 2013-T-0066, 2014-Ohio-1371, ¶10 (citation omitted). "'De novo review is independent from and without deference to the trial court's determination.'" *Id.*, quoting *State v. Henderson*, 11th Dist. Portage No. 2010-P-0046, 2012-Ohio-1268, ¶10. We begin with the presumption, however, that all legislative enactments are constitutional. *State v. Ferraiolo*, 140 Ohio App.3d 585, 586 (11th Dist.2000) (citation omitted). The party challenging the statute has the burden to prove its unconstitutionality. *State v. Thompkins*, 75 Ohio St.3d 558, 560 (1996) (citations omitted).

{¶7} We first address T.M.'s second assignment of error, in which she argues the imposition of a classification period that extends beyond the age jurisdiction of the juvenile court violates a child's constitutional right to due process and, as a result, constitutes cruel and unusual punishment.

{¶8} "Due process rights are applicable to juveniles through the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 16 of the Ohio Constitution. What process is due depends on considerations of fundamental fairness in a particular situation." *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶28 (citations omitted).

{¶9} The Ohio Supreme Court recently overruled a due process challenge to the imposition of a duty to register on a 14-year-old offender pursuant to R.C. 2152.83(B). The Court held that the imposition of juvenile offender registrant status

3

under R.C. 2152.83(B) and of reporting duties extending beyond age 18 or 21 "includes sufficient procedural protections to satisfy the due-process requirement of fundamental fairness. And, given the allowance for periodic review and modification, it is consistent with the rehabilitative purpose of the juvenile system." *Id.* at ¶37.

{¶10} Here, as T.M. was 17 years old at the time of the offense, her duty to register was imposed pursuant to R.C. 2152.83(A). The fundamental difference between sections (A) and (B) of R.C. 2152.83 is the juvenile's age. Under section (A), if other requirements are met, the trial court "shall" issue an order that classifies a 16- or 17-year-old child as a juvenile offender registrant and instructs the child to comply with registration requirements. R.C. 2152.83(A)(1). Under section (B), if other requirements are met, the trial court "may," in its "discretion," issue an order that classifies a 14- or 15-year-old child as a juvenile offender registrant and instructs the child to comply with registration requirements. R.C. 2152.83(B)(2).

{¶11} "Determining which tier of classification applies to the juvenile offender also requires a hearing and the exercise of the court's discretion"—regardless of which section applies to the juvenile. *D.S.*, *supra*, at ¶33, citing R.C. 2152.83(A)(2) & (C)(1). Additionally, R.C. 2152.85(A) provides trial courts with discretion to reclassify or declassify a juvenile offender registrant upon successful petition to the court. *See id.* at ¶35.

{¶12} The due process challenge in *D.S.* and in the case sub judice relates to whether it is unconstitutional for the juvenile court to impose registration requirements that continue beyond the age jurisdiction of the juvenile court. The distinction between mandatory and discretionary imposition found in sections (A) and (B) is therefore not

4

relevant to this argument. As a result, we conclude that the due process holding in *D.S.* as applied to R.C. 2152.83(B) also applies to R.C. 2152.83(A).

**{¶13}** We therefore hold that the imposition of juvenile offender registrant status under R.C. 2152.83(A) and of reporting duties extending beyond age 18 or 21 includes sufficient procedural protections to satisfy the due process requirement of fundamental fairness. Given the allowance for periodic review and modification, as provided in R.C. 2152.85(A), it is also consistent with the rehabilitative purpose of the juvenile system. *See id.* at ¶37; *see also In re N.Z.*, 11th Dist. Lake No. 2012-L-100, 2014-Ohio-157, ¶38-45.

**{¶14}** T.M. further asserts that R.C. 2152.83(A) constitutes cruel and unusual punishment. Her arguments in support of this proposition, however, turn on a finding that the statute violates due process protections. Her due process challenge is not well taken, and T.M. has not provided any further support for this assertion.

**{¶15}** T.M.'s second assignment of error is without merit.

**{¶16}** Under her first assignment of error, T.M. argues that R.C. 2152.83(A) violates a child's constitutional right to equal protection by requiring 16- and 17-year-olds to register based solely on their age. This argument rests on the distinction between sections (A) and (B) of R.C. 2152.83, as noted above, to wit: mandatory versus discretionary imposition of registration requirements depending on the juvenile's age at the time of the offense.

**{¶17}** The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall * * * deny to any person within its jurisdiction the equal protection of the laws." The Supreme Court of Ohio has deemed the equal protection clause in the Ohio Constitution to be "functionally equivalent" to the right established by the

5

Fourteenth Amendment. *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 59 (1999). "Consequently, a claim under either provision will necessitate the same analysis; to wit, that similarly situated individuals be treated in a similar manner." *In re B.D.*, 11th Dist. Portage No. 2011-P-0078, 2012-Ohio-4463, ¶26, citing *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶6.

{¶18} Because a legislative classification based on the juvenile offender's age neither burdens a fundamental right nor targets a suspect class, courts employ a rational basis standard of review. *Id.*, citing *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, ¶82. The challenging party has the burden of persuasion to show the challenged law is not rationally related to any legitimate interest. *Id.*, citing *Vacco v. Quill*, 521 U.S. 793, 799 (1997).

{¶19} The Seventh District Court of Appeals has held that "there is some rational, conceivable reason for drawing a line so that 14 and 15 year old sex offenders will only be subject to discretionary classification rather than the mandatory classification (into a discretionary tier) that 16 and 17 years old are subject to." *In re M.R.*, 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623, ¶46. *Accord In re Forbess*, 3d Dist. Auglaize No. 2-09-20, 2010-Ohio-2826, ¶56; *In re J.M.*, 3d Dist. Wyandot No. 16-12-01, 2012-Ohio-4109, ¶32; *see also B.D.*, *supra*, at ¶32 (finding a rational basis for beginning classifications at the age of 14). In so holding, the Seventh District stated "[i]t is not irrational for legislators to conclude that the farther a juvenile is from adulthood, the more responsive he [or she] will be to treatment. From this, the legislature could reason that the lower the age of the offender, the reduced likelihood of recidivism and thus the decreased need for tracking." *M.R.*, *supra*, at ¶45.

6

{¶20} This court has already adopted the Seventh District's equal protection holding from *M.R.* *See In re T.W.*, 11th Dist. Ashtabula No. 2015-A-0013, 2015-Ohio-5213, ¶30. Specifically, we held "the age differentials in R.C. 2152.83 were designed to protect the public from the older delinquents as well as to provide the younger offenders more opportunity to reform and rehabilitate." *Id.*, citing *M.R., B.D., and J.M.*, *supra*. Appellant has not brought anything to this court's attention that would cause us to vacate our precedent on this matter.

{¶21} Appellant's first assignment of error is without merit.

{¶22} For the reasons stated herein, it is the judgment of this court that the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring and Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring and Dissenting Opinion.

{¶23} I concur with the majority's well-reasoned disposition of T.M.'s second assignment of error: any due process challenge to R.C. 2152.83(A) is foreclosed by the decision in *In re D.S.*, *supra*. I respectfully dissent regarding her equal protection argument, embodied in her first assignment of error.

{¶24} The majority relies on the reasoning of the Seventh District Court of Appeals in *In re M.R.*, 2014-Ohio-2623, in reaching the conclusion that R.C. 2152.83(A) does not violate equal protection by subjecting 16 and 17 year old juvenile sex

7

offenders to mandatory sexual offender classification. The Seventh District correctly concluded that an equal protection challenge to R.C. 2152.83(A) was subject to the rational basis level of scrutiny. *In re M.R.*, 2014-Ohio-2623, at ¶35-45. As the majority observes, the Seventh District went on to conclude the legislature could rationally conclude "the farther a juvenile is from adulthood, the more responsive he will be to treatment," and thus less likely to recidivate. *Id.* at ¶45. The obvious corollary being that older juveniles – those 16 or 17 years of age – are more likely to recidivate.

{¶25} The juvenile in *M.R., supra*, was granted a discretionary appeal by the Supreme Court of Ohio. *In re M.R.*, 140 Ohio St.3d 1521, 2014-Ohio-5251. The first and second propositions of law advanced by M.R. concerned due process and double jeopardy. The third, however, involved equal protection, and read: "R.C. 2152.83(A) violates the Equal Protection Clauses of the United States and Ohio Constitutions because it requires mandatory registration for 16- and 17-year old first-time offenders." *Memorandum in Support of Jurisdiction of Minor Child-Appellant M.R.*, Case No. 14-1315 (Aug. 1, 2014). August 23, 2016, the Supreme Court of Ohio rejected M.R.'s first two propositions of law based on its decision in *In re D.S., supra*. *In re M.R.*, Slip Opinion No. 2016-Ohio-5451. However, it dismissed as improvidently granted the equal protection challenge embodied in the third proposition of law. *Id.* Justices Pfeifer, Lanzinger, and O'Neill dissented.

{¶26} M.R. moved for reconsideration regarding the third proposition of law September 1, 2016. The court denied the motion October 26, 2016, with justices Pfeifer, Lanzinger and O'Neill again dissenting. *In re M.R.*, 2016-Ohio-7455. This writer finds the following quote from the memorandum in support of the motion for

8

reconsideration, written by Brooke M. Burns, Chief Counsel, Juvenile Department, Office of the Ohio Public Defender, both enlightening, and convincing:

**{¶27}** "* * * R.C. 2152.83(A) mandates the classification of 16- and 17-year old, first-time juvenile offenders as sex offender registrants * * * eliminating the juvenile court's ability to determine *whether* a 16- or 17-year-old child should register, based on the facts of the child's case. Instead, the legislature has determined that registration should be mandatory for this group of child offenders, based solely on the child's age at the time of the offense. R.C. 2152.83(A). This is in stark contrast to the discretionary registration to which first-time 14- and 15-year-old juvenile offenders are subject. R.C. 2152.83(B).

**{¶28}** "But, research demonstrates that there is no rational basis for mandating the classification of 16- and 17-year-old juvenile offenders based on their age. For example, adolescents who commit sexual offenses have an extremely low recidivism rate, especially when supplied with appropriate treatment and support. According to the Ohio Association of County Behavioral Health Authorities, the Ohio recidivism rates for juveniles who commit a sexual offense and who receive treatment, supervision, and support, are lower than any other group of offenders, at 4%-10%. The Ohio Association of County Behavioral Health Authorities, *Behavioral Health: Developing a Better Understanding, Juvenile Sex Offenders*, Vol. 3, Issue no. I at 1. That means 90% to 96% of juvenile offenders receiving appropriate treatment are not a danger to the public – including those who were 16 or 17 at the time of the offense. Further, adolescents who commit sexual offenses do not have deviant sexual arousals, do not meet the criteria for pedophilia, and do not have the same long-term tendencies to commit sexual offenses when compared to adults who commit sexually oriented offenses. Chaffin et

9

al., *What Research Shows About Adolescent Sex Offenders*, National Center on Sexual Behavior of Youth, No. 1 (July 2003) at 1-3.[1] This is true for all juvenile offenders, not just those under the age of 16."

{¶29} In sum, the scientific evidence belies the legislature's presumption that older juvenile sex offenders are more likely to recidivate than younger offenders. Consequently, the mandatory classification of 16 and 17 year old first time sex offenders cannot pass the rational basis level of scrutiny.

{¶30} On its face, the conclusion that older juvenile sex offenders are more likely to recidivate than younger ones seems logical. But the scientific evidence says otherwise. As science delves deeper into many areas of human life, including behavior, the law must incorporate the new findings. The ancient Greeks once believed Helios drove his Sun Chariot from the east, to the western ocean each day, then during the night, under the ocean and back to the east, to commence the next day. And the state of human knowledge at the time made this plausible. As Greek science advanced, the Greeks realized the myth of Helios was just that – a myth.

{¶31} Since I find that R.C. 2152.83(A) does not pass the rational basis test, I respectfully dissent regarding the disposition of T.M.'s first assignment of error.

---

1. *See also* Association for the Treatment of Sexual Abusers (ATSA), *The Effective Legal Management of Juvenile Sex Offenders*, (Mar. 11, 2000), available at http://www.atsa.com/ppjuvenile.html (accessed Aug. 31, 2016); Miranda & Corcoran, *Comparison of Perpetration Characteristics Between Male Juvenile and Adult Sexual Offenders: Preliminary Results*, 12 Sexual Abuse, A Journal of Research and Treatment 179 (2000), available at http://www.springerlink.com/content/n8234311q65916m3/ (accessed Aug. 31, 2016); Alexander, *Sexual Offender Treatment Efficacy Revisited*, 11 Sexual Abuse, A Journal of Research and Treatment 101 (1999) available at http://www.springerlink.com/content/n33644k217r38211/ (accessed Aug. 31, 2016); Zimring et al., *The Predictive Power of Juvenile Sex Offending: Evidence from the Second Philadelphia Birth Cohort Study* (2007), available at http://ssrn.com/abstract=995918 (accessed Aug. 31, 2016); Zimring et al., *Sexual Delinquency in Racine: Does Early Sex Offending Predict Later Sex Offending In Youth And Young Adulthood?*, Criminology & Public Policy, 6:507-534 (2007) available at http://www.icpsr.umich.edu/icpsrweb/ICPSR/biblio/studies/8163/resources/48125?collection=DATA&sortBy=1 (accessed Aug. 31, 2016).